# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| XHEVDET DEMA | * | CIVIL ACTION NO. 05-1506 |
| VERSUS | * | JUDGE JAMES |
| U.S. ATTORNEY GENERAL, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Xhevdet Dema ("Dema"), on August 23, 2005. The Government has filed a response and supplemental response to Dema's petition. (Docs. #10, 12). For reasons stated below, it is recommended that Dema's petition be **DISMISSED without prejudice.**

## BACKGROUND

Dema is a native and citizen of Kosovo. Dema entered the United States legally during the Kosovo war. Dema's immigration status was adjusted to that of a lawful permanent resident on August 23, 2001. On December 12, 2001, Dema was convicted of Homicide By Vehicle in the Superior Court of Dekalb County, Georgia. On January 14, 2003, Dema was issued a Notice to Appear before the Immigration Judge for his criminal conviction. Dema was served the Notice to Appear on September 19, 2003 and the Immigration Judge ordered him removed to Kosovo on July 8, 2004. Dema has been in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE") since February 16, 2005. On August 23, 2005, Dema filed this petition challenging his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Dema has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has shown that a valid travel document from the United Nations Mission in Kosovo was issued for Dema. The travel document expires on June 19, 2006, and the Government had declared that Dema will be removed from the United States to Kosovo on the next available escort flight. Thus, because Dema's removal is likely to occur within the reasonably foreseeable future, it is

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE